**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANDAL ANDERSON,

          Plaintiff - Appellant,

  v.

UNION PACIFIC RAILROAD
COMPANY, and Does 1 through 25,
inclusive,

          Defendants - Appellees.

No. 08-16541

D.C. No. 2:06-CV-02813-FCD-
GGH

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER,[**] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable David G. Trager, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

Plaintiff Randal Anderson ("plaintiff" or "Anderson") appeals the district court's grant of summary judgment on his claims that defendant Union Pacific Railroad Company ("defendant" or "Union Pacific") breached an implied-in-fact contract and the implied covenant of good faith and fair dealing by terminating his employment. We review the district court's grant of summary judgment de novo. *Nicholson v. Hyannis Air Service, Inc.*, 580 F.3d 1116, 1122 n.1 (9th Cir. 2009).

Although the district court held that Anderson did not have an implied-in-fact contract limiting his termination to good cause, it is unnecessary to reach that issue because there is an alternative ground on which to affirm the district court's judgment. Even if the alleged implied-in-fact contract existed, defendant had good cause, as a matter of law, to terminate Anderson. As such, summary judgment was also warranted on plaintiff's claim based on the implied covenant of good faith and fair dealing. *See Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1112 (Cal. 2000) ("insofar as the employer's acts are directly actionable as a breach of an implied-in-fact contract term, a claim that merely realleges that breach as a violation of the [implied covenant of good faith and fair dealing] is superfluous").

The parties are familiar with the facts and we recount them here only as necessary.

The record reveals three reasons for Anderson's termination. First, as explained in his termination letter, Anderson's comments about a coworker, Andrea Young, in the presence of other employees were found to be inappropriate, unprofessional and in violation of Union Pacific's EEO policy ("first reason"). Second, the letter concluded that, contrary to Deputy Chief George Slaats' instructions, Anderson's deliberate attempts to contact individuals in order to influence Union Pacific's investigation of Young's EEO complaint were "a major aggravating circumstance" in his termination ("second reason"). Third, although not mentioned in the letter, his supervisors also considered Anderson's inappropriate conduct toward Jessica Hamilton and Jill Meyer, two other coworkers, in deciding to terminate him ("third reason").

Under California law, "good cause" is defined as:

> fair and honest reasons, regulated by good faith on the part of the employer, that are not trivial, arbitrary or capricious, unrelated to business needs or goals, or pretextual. A reasoned conclusion, in short, supported by substantial evidence gathered through an adequate investigation that includes notice of the claimed misconduct and a chance for the employee to respond.

*Cotran v. Rollins Hudig Hall Int'l, Inc.*, 948 P.2d 412, 422 (Cal. 1998).

Thus, *Cotran* requires procedural safeguards and also sets out a substantive standard to analyze the employer's reasons for termination. *Cotran* also makes

clear that where an employee is terminated for misconduct, but denies committing the alleged misconduct, "the question critical to defendants' liability is not whether plaintiff in fact [committed the misconduct], but whether at the time the decision to terminate his employment was made, defendants, acting in good faith and following an investigation that was appropriate under the circumstances, had reasonable grounds for believing plaintiff had done so." *Id.* at 423. Where appropriate, summary judgment may be granted on the issue of good cause. *See King v. United Parcel Serv., Inc.*, 60 Cal. Rptr. 3d 359, 370-72 (Cal. Ct. App. 2007); *Silva v. Lucky Stores, Inc.*, 76 Cal. Rptr. 2d 382, 395 (Cal. Ct. App. 1998).

When viewed together, the first and second reasons for Anderson's termination satisfy *Cotran*'s substantive standard as a matter of law. Moreover, *Cotran*'s procedural requirements were clearly satisfied with regard to the first reason. The only remaining questions are: (1) whether those requirements were met for the second reason; and (2) if they were not, whether any procedural deficiencies prejudiced Anderson.[1]

---

[1] Because we ultimately conclude that summary judgment is warranted based on the first and second reasons, it is unnecessary to consider the third reason for Anderson's termination.

Although Anderson was given an opportunity at his March 22 interview with Slaats to respond to the allegations underlying the second reason, this may not have been sufficient to satisfy *Cotran* because Chief Dennis Jenson had already decided on March 20 to terminate Anderson. *See Cotran*, 948 P.2d at 423 (Mosk, J., concurring) ("[T]he requirement that an employee receive notice and an opportunity to be heard is not fulfilled by a charade of due process by an employer that has already made up its mind . . . . fair procedure requires that the employee have a truly meaningful opportunity to tell his or her side of the story and to influence the employer's decision.") (internal citation omitted).

Nonetheless, any procedural violation was ultimately harmless and did not prejudice Anderson. Critically, at the March 22 interview, Anderson admitted that he spoke with a coworker, Jennifer Johnson, about Young's complaint and that he attempted to contact Hamilton and Meyer. Moreover, as explained below, Anderson has not pointed to any mitigating circumstances or excuses for his conduct that could lead a reasonable juror to question Union Pacific's decision to terminate Anderson.

On appeal, Anderson points to two allegedly mitigating circumstances, neither of which raise an issue of fact on the question of good cause. First, Anderson claims that Slaats' directive ("I'd ask that you not discuss this with

anyone") was ambiguous. However, Anderson's interpretations of Slaats' directive are patently absurd in light of Anderson's law enforcement experience and admission that such instructions were standard procedure in investigations. Moreover, there is no evidence that Anderson ever claimed that Slaats' directive was ambiguous when Slaats gave him an opportunity to explain his actions on March 22.

Second, Anderson's declaration suggests that his violation of Slaats' directive should be excused because he had no plans to coach any witnesses regarding what they should say during the investigation and only attempted to contact Hamilton to advise her to seek counsel. However, even if Anderson never intended to coach any witnesses, his actions, including informing Johnson that she was named in Young's complaint, were likely to influence the investigation. Moreover, Anderson's declaration ignores his admission at his deposition that he attempted to contact Hamilton and Meyer to find out who they had talked to and how his comment about Young had gotten back to her. Any discussions with Hamilton and Meyer on those topics undoubtedly could influence the investigation.

**AFFIRMED.**

6